1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7
ANNIE CHANG, et al.,

Case No.  19-cv-01973-HSG

8
Plaintiffs,

**ORDER DENYING MOTION FOR AN ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL NON-PARTY BANK RECORDS PURSUANT TO FLORIDA STATUTE § 655.059**

9
v.

10
WELLS FARGO BANK, N.A.,

11
Defendant.

Re: Dkt. No. 75

12

13
    Pending before the Court is Wells Fargo Bank, N.A. ("WFB")'s Motion for an Order

14
Governing the Disclosure of Confidential Non-Party Bank Records.  Dkt. No. 75 ("Motion").

15
WFB seeks an order permitting it to produce certain non-party documents and records to Plaintiffs

16
"pursuant to" Florida Statute Section 655.059 ("Florida Statute").  On July 28, 2020, the Court

17
held a status conference on the Motion, and on August 18, 2020, the parties filed a status report

18
detailing their efforts to provide notice to the third-party accountholders that Plaintiffs have sought

19
production of documents and records from WFB, to determine whether those accountholders

20
consent to WFB producing the documents.  Dkt. No. 80.  On August 25, 2020, the Court held a

21
further status conference, and on September 8, 2020, Plaintiffs filed a supplemental brief.  Dkt.

22
No. 86.

23
    The Florida Statute prohibits the disclosure of a financial institution's "books and records,"

24
except under certain circumstances.  Section 655.059 (1)(e) states in relevant part that:

25

26

27

28
> The books and records of a financial institution are confidential and **shall be made available** for inspection and examination **only**... [a]s compelled by a court of competent jurisdiction, **pursuant to a subpoena** issued pursuant to the Florida Rules of Civil Procedure, or the Florida Rules of Criminal Procedure, or the Federal Rules of Civil Procedure, or issued **pursuant to a subpoena** issued in accordance with state or federal law.

United States District Court
Northern District of California

1    *Id.* (emphasis added).

2         The "pursuant to a subpoena" limitation reflects that the Florida Statute is intended to

3    apply only where an institution as a non-party is required by subpoena to produce its documents in

4    the context of a dispute between others.  For this reason, in *In re Bankatlantic Bancorp, Inc.*

5    *Securities Litigation*, a Florida federal court held that section 655.059 does not apply to a

6    defendant bank that is a party to a civil case in federal court.  *See* No. 07-cv-61542, 2010 WL

7    2572183, at *1 (S.D. Fla. June 23, 2010).  The Court explained that Section 655.059(1)(e) does

8    not apply "**when the financial institution is a party providing discovery**" and "[t]he plain

9    language of Fla. Stat. § 655.059 states that it only applies when a financial institution provides

10   documents pursuant to a subpoena." *Bankatlantic*, 2010 WL 2572183, at *2 (emphasis added).

11        Similarly here, WFB is a party-opponent subject to its own independent discovery

12   obligations, and must produce documents in response to Plaintiffs' discovery requests under Rules

13   26 and 34 of the Federal Rules of Civil Procedure.  Accordingly, the Court finds that the Florida

14   Statute does not apply to WFB as a party-opponent in this action, and **DENIES** the Motion to the

15   extent it seeks an order "pursuant to" the Florida Statute.  The Court orders WFB to produce

16   documents in this case consistent with and as required by the Federal Rules, without regard to the

17   Florida Statute.  The Court has not been presented with, and does not here address, any issues

18   regarding whether Plaintiffs' document requests are properly scoped and otherwise proper under

19   the Federal Rules.

20

21        **IT IS SO ORDERED.**

22   Dated:  9/11/2020

23                                                          _Haywood S. Gilliam Jr._

24                                              HAYWOOD S. GILLIAM, JR.
                                                United States District Judge

25

26

27

28

United States District Court
Northern District of California

2