UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE CHANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 19-cv-01973-HSG<br><br>**ORDER REGARDING PLAINTIFFS' STIPULATED FINAL JUDGMENT**<br><br>Re: Dkt. No. 148 |

On November 9, 2023, Plaintiffs timely filed a Stipulated Final Judgment ("Judgment"). Dkt. No. 148. The Court has reviewed the Judgment, and is concerned about the permanent injunction term contained at paragraph six. *Id*. ¶ 6. As currently drafted, the last sentence of paragraph six reads as follows:

> The Releasors further are forever barred and enjoined from organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims against any of the Releasees).

*Id.*

Read literally, the term purports to bar and enjoin class members from organizing any class plaintiffs in "any action," regardless of whether that action relates to the released claims. To comport with the identical factual predicate rule, *see Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010), the Court is of the view that the closing parenthesis should be moved as follows to clarify that the Releasors (which includes class representatives and class members) are not permitted to pursue "any action . . . based on or relating to any of the Released Claims against any of the Releasees":

The Releasors further are forever barred and enjoined from organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims against any of the Releasees.

The Court **DIRECTS** Plaintiffs by November 20, 2023 to file either (1) a revised stipulated final judgment reflecting the revision to paragraph six discussed in this order; or (2) a statement of two pages or less explaining why the language in paragraph six does not, as currently drafted, result in a release broader than the one approved by the Court in its Order Granting Final Approval of Class Action Settlement, Dkt. No. 147.

**IT IS SO ORDERED.**

Dated: 11/14/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge